**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA | Criminal Action |
| v. | No. 95-0200 |
| LEO F. SCHWEITZER | |

June __30__ , 2010

## MEMORANDUM

Petitioner Leo Schweitzer brings this action for relief pursuant to 18 U.S.C. § 2255.

### I. Procedural History

On June 21, 1995, Leo Schweitzer pled guilty pursuant to a plea agreement to a three-count superseding information charging him with one count of conspiracy in violation of 18 U.S.C. § 371, one count of monetary transactions from unlawful activity in violation of 18 U.S.C. § 1957, and one count of false statements to the government in violation of 18 U.S.C. § 1001. The case was presided over by my late esteemed colleague, Judge Newcomer. Schweitzer filed a petition for writ of error coram nobis on October 12, 1995 challenging a prior conviction that was used to increase his criminal history. Judge Newcomer denied that petition on October 25, 1995. On November 7,

1

1995, petitioner was sentenced to 41 months imprisonment followed by three years of supervised release.

On November 21, 1995, Schweitzer filed a *pro se* motion titled "Motion to Re-Assign 'Coram Nobis' Petition." Judge Newcomer denied that and a number of other motions on December 13, 1995.[1] Schweitzer filed an appeal from the final judgment and sentence in that case on January 2, 1996.[2] He argued that Judge Newcomer erred by: (1) denying his coram nobis petition; (2) deviating from the plea agreement; (3) refusing Schweitzer's request to discharge counsel; and (4) denying Schweitzer's request to withdraw his guilty plea prior to sentencing. The Third Circuit affirmed the district court's judgment in *United States v. Schweitzer*, 118 F.3d 1579 (3d Cir. 1997). Schweitzer had also filed three other appeals attacking the proceedings before Judge Newcomer.[3] In *United States v. Schweitzer*, 116 F.3d 470 (3d Cir. 1997) the Third Circuit disposed of these three appeals by affirming the district court. On May 29, 2007, Schweitzer filed a petition for writ of certiorari relating to his 1984 criminal conviction in the United States Supreme Court. The Court denied that petition on July 7, 1997. Schweitzer's sentence, including the three-year term of supervised release, expired on

---

[1] Judge Newcomer's December 13, 1995 order also denied Schweitzer's motion for designation, request for documents, motion to dismiss his attorney, motion for enlargement of time for defendant to obtain records to substantiate his objections to the Presentence Investigative Report.

[2] This appeal is docketed under No. 96-1016.

[3] These are docketed under No. 95-1977, 95-2010, and 95-2015.

February 23, 2002.

In 2003, Schweitzer was arrested on other charges. On July 24, 2003, Schweitzer was charged with 21 counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 and one count of making a false statement, in violation of 18 U.S.C. § 1001. On September 13, 2004, Schweitzer pled guilty pursuant to a plea agreement before Judge Gardner. On January 27, 2005, Schweitzer was sentenced to 84 months of imprisonment followed by three years of supervised release. On January 9, 2008, Schweitzer filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 in that case.

On November 16, 2007, Schweitzer also filed a *pro se* habeas corpus motion under 18 U.S.C. § 2255 challenging his 1995 conviction. That case was reassigned to me following Judge Newcomer's death. I denied Schweitzer's motion without prejudice on June 17, 2008, on the ground that he had failed to file his motion on the correct standard form. On July 22, 2008, Schweitzer re-filed his *pro se* habeas motion asserting ten grounds for relief. The government filed a motion to dismiss on November 28, 2008, in which the government contended that this court lacked jurisdiction over Schweitzer's habeas petition because: (1) Schweitzer was no longer "in custody" when he filed his petition and (2) the petition was untimely. Schweitzer filed a *pro se* response on December 29, 2008. The government replied on January 16, 2009. On February 2, 2009, Schweitzer filed a second response.

## II. Discussion

Relief under Section 2255 is available only for prisoners who are "in custody under sentence of a court." 18 U.S.C. § 2255. "Custody" includes both actual confinement and a period of supervision. *See Kumarasamy v. Attorney General of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) ("[I]n the criminal context, an individual who is on parole or released on his or her own recognizance is deemed in custody because of the significant restrictions imposed on his or her freedom."). In this case, Schweitzer is no longer being held in custody pursuant to his 1995 guilty plea and sentence. That sentence, both the custodial and supervisory portions, was entirely discharged on February 23, 2002. However, Schweitzer is still in custody on his 2005 conviction.

Schweitzer contends that his 2005 sentence was a "collateral consequence" of his 1995 conviction and sentence and that his 2005 sentence was enhanced as a result of his earlier sentence. At the time that Schweitzer committed the second offense, he was under supervised release for his 1995 conviction. Schweitzer's 2005 sentence of 84 months of imprisonment was made up of a sentence of 57 months on the first 32 counts of wire fraud and a separate, consecutive, sentence of 27 months on Count 33, the charge of violating 18 U.S.C. §1001-2 for making false statements to the U.S. Office of Probation while on supervised release.

The Supreme Court held in *Maleng v. Cook*, 490 U.S. 488, 492 (1989) that a petitioner does not remain " 'in custody' under a conviction after the sentence imposed

4

for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." However, the Third Circuit has held that a prisoner may be considered "in custody" on his first sentence if a second sentence is the "collateral" result of a first period of incarceration. *See Young v. Vaughn*, 83 F.3d 72, 73 (3d Cir. 1996), *cert. denied*, *Abraham v. Young*, 519 U.S. 944 (1996) (while serving probation for burglary conviction, defendant was convicted and sentenced to a term of incarceration for robbery; state judge found that new robbery conviction violated defendant's term of probation and then sentenced him to an additional term of incarceration for the probation violation). Thus, at least part of Schweitzer's sentence can be considered to be a collateral consequence of the violation of the terms of supervised release imposed by Judge Newcomer in 1995.

Nevertheless, Schweitzer is prevented from challenging his 1995 conviction and sentence by the Supreme Court's decision in *Daniels v. United States*, 532 U.S. 374, 382 (2001).[4] *Daniels* stands for the proposition that "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right" if a "defendant failed to pursue those remedies while they were available" or if the defendant previously attacked his prior conviction without success. *Id.* In other words, once the defendant forgoes the opportunity to challenge his earlier conviction, judicial review "has

---

[4] The *Daniels* scenario involved a federal conviction preceded by a state court conviction that the defendant sought collaterally to challenge. The *Daniels* rationale, the "need for finality of convictions and ease of administration," *id.* at 402, is equally applicable to the scenario presented here.

been closed" and "defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." *Id.* at 383.[5]

Like *Daniels*, Schweitzer had an opportunity to challenge his earlier conviction. He filed four appeals challenging his 1995 conviction, which the Third Circuit denied. Schweitzer failed to file a habeas petition addressed to his 1995 conviction within the one-year statute of limitations provided by Section 2255, and he has not shown that any of the limited exceptions excusing failure to file within one year applies. Accordingly, Schweitzer cannot now use Section 2255 as a vehicle for attacking his 1995 conviction and sentence.

III. Conclusion

Accordingly, this court will grant the government's motion to dismiss and will deny Schweitzer's *habeas corpus* petition. A separate order accompanies this memorandum.

---

[5] There are two exceptions, first, "where there was a failure to appoint counsel in violation of the Sixth Amendment," *id.* at 383, and second, "in rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," *id.* at 383. Schweitzer does not contend that these exceptions apply.